CA 08 245

AO 241
(Rev. 12/04)



**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Rhode Island |
|---|---|
| Name (under which you were convicted): Derek Sivo | Docket or Case No.: C.A. 04-358 |
| Place of Confinement : Adult Correctional Institutions, Medium Security, Cranston RI | Prisoner No.: |
| Petitioner (include the name under which you were convicted) Derek Sivo v. | Respondent (authorized person having custody of petitioner) A.T. Wall |
| The Attorney General of the State of Rhode Island | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Family Court of Providence County, Rhode Island

   (b) Criminal docket or case number (if you know): P2/01-101CR

2. (a) Date of the judgment of conviction (if you know): 10/23/2002

   (b) Date of sentencing: 3/23/2003

3. Length of sentence: Twenty years with 12 years to serve and 8 years suspended and 8 years probation

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   First degree child abuse. R.I.G.L. 1956 (2000 Reenactment) section 11-9-5.3(b)(1) and (f)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of Rhode Island

(b) Docket or case number (if you know): No. 04-358-C.A.

(c) Result: Appeal denied

(d) Date of result (if you know): 6/15/2007

(e) Citation to the case (if you know): 925 A.2d 901 (2007)

(f) Grounds raised:
Denial of motion for judgment of acquittal, erroneous jury instruction, lack of subject matter jurisdiction in the Family Court, deficits in appointment of the Chief Judge to hear the case, deficits in selection of jurors, violation of due process when the judge directed a verdict on an element of the offense, error in imposing an enhanced sentence without a jury finding that the child was under five years of age.

(g) Did you seek further review by a higher state court? ☐ Yes ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Rhode Island Supreme Court

(2) Docket or case number (if you know): No. 04-358-C.A.

(3) Date of filing (if you know): 6/15/2007

(4) Nature of the proceeding: petition for reargument

(5) Grounds raised:

1. Denial of motion for judgment of acquittal violated defendant's right to be convicted of proof beyond a reasonable doubt. The court overlooked and misconceived material evidence when it ruled that proof beyond a reasonable doubt was adduced below. 2. Jury Instructions given by the judge violated due process. The judge instructed the jury in such a way as to permit a conviction predicated on an act devoid of criminal mens rea.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: petition denied

(8) Date of result (if you know): 9/21/2007

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes ❐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
See attached sheets as to all grounds and facts.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**
See attached sheets

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
See attached sheets

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
John F. Cicilline, Esq. 381 Atwells Avenue, Providence RI 02909

(b) At arraignment and plea:
John F. Cicilline, Esq. 381 Atwells Avenue, Providence, RI 02909

(c) At trial:
John F. Cicilline, Esq. 381 Atwells Avenue, Providence, RI 02909

(d) At sentencing:
John F. Cicilline, Esq. 381 Atwells Avenue, Providence, RI 02909

(e) On appeal:
Jannie Weisfeld and Marie Roebuck, Office of the Public Defender, Pine Street, Providence, RI

(f) In any post-conviction proceeding:
Motion for a New Trial - John Ennis, 1200 Reservoir Avenue, Cranston, RI 02909

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
Order of an entry of judgment of acquittal or in the alternative a new trial.

or any other relief to which petitioner may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ ____________ ~~(month, date, year).~~

Executed (signed) on 6/25/08 (date).

______________________________
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

US District Court for the District of RI

[insert appropriate court]

* * * * *

Derek Sivo v. A.T. Wall
U.S. District Court/District of Rhode Island Case No. P2/01-101CR

Attachments to Petition for Writ of Habeas Corpus

A. Ground One: Violation of the Due Process Clause of the United States Constitution, U.S. Const. Amend. V, and XIV- denial of motion for judgment of acquittal

Supporting Facts: The State failed to prove all of the elements of the charge beyond a reasonable doubt. The court should have granted defendant's motion for a judgment of acquittal.

The State presented evidence at trial, through expert witnesses, that they Could not find any medical explanation for the subdural hematoma that resulted in injury to the child. The State's witness could not hypothesize as to what had happened to the child given the absence of external trauma or shaking injury. The state's experts were unable to offer any opinion that the injury occurred during the time frame that defendant was the caretaker for the child. Any inference that the injury to the child occurred within the limited period of the defendant's exclusive care was pure speculation and could not support a verdict of proof beyond a reasonable doubt.

As such the only evidence of how the child sustained the injury was based upon speculation and conjecture. The State Court's ruling on the issue of judgment of acquittal and appeal of the denial of judgement of acquittal were contrary to established Supreme Court law which requires that conviction must be premised upon proof beyond a reasonable doubt. *See; Mullaney v. Wilbur*, 421 U.S. 684 (1975); *In re Winship*, 397 U.S. 358 (1970).

B. Ground Two: Violation of the Due Process Clause of the United States Constitution, U.S. Const. Amend. V, and XIV- erroneous jury instructions

Supporting Facts: The trial justice instructed the jury that it had to find that the defendant knowingly and intentionally did an act, but he did not require the jury to find that Mr. Sivo knowingly and intentionally inflicted a serious injury upon the child. The instructions permitted a conviction predicated on an act without criminal mens rea.

Although the trial justice initially gave a correct instruction, telling the jury that an element of the offense is that the defendant knowingly and intentionally inflicted serious bodily injury upon a child, he effectively

rescinded that instruction by telling the jury that with regard to the intent element, it need only find that the defendant did an intentional act.

The jury instructions therefore violated the law established by the Constitution of the United States and the United States Supreme Court. Accidentally or unintentionally causing injury to a child is not a criminal act. *See; Morrisette v. United States*, 342 U.S. 245 (1952).

C. Ground Three: Violation of the United States Constitution, U.S. Const. Amend. VI, and XIV - United States v. Booker.

In its instructions at the close of the case, the trial justice told the jury that the first element of the offense charged was that the child was under the age of eighteen years. He followed that with; "I charge you as a matter of law that that issue and that element has been proven, and there is no dispute on that element." Later in the charge he stated "Now, the first element I have indicated to you, you must accept as proven, proven already."

This charge violated the defendant's constitutional rights to a jury trial and due process of law as established by the Constitution of the United States and the United States supreme court.

Petitioner requests the appointment of counsel and leave to file a supplemental memorandum of law after appointment of such counsel.

**CERTIFICATION**

I hereby certify that I caused a true copy of the attached petition for habeas corpus to be delivered to the appellate unit of the Rhode Island Department of Attorney General on the 25th day of June 2008.

K. D. Fitzgerald