rescinded that instruction by telling the jury that with regard to the intent element, it need only find that the defendant did an intentional act.

The jury instructions therefore violated the law established by the Constitution of the United States and the United States Supreme Court. Accidentally or unintentionally causing injury to a child is not a criminal act. *See; Morrisette v. United States*, 342 U.S. 245 (1952).

C. Ground Three: Violation of the United States Constitution, U.S. Const. Amend. VI, and XIV- United States v. Booker.

In its instructions at the close of the case, the trial justice told the jury that the first element of the offense charged was that the child was under the age of eighteen years. He followed that with; "I charge you as a matter of law that that issue and that element has been proven, and there is no dispute on that element." Later in the charge he stated "Now, the first element I have indicated to you, you must accept as proven, proven already."

This charge violated the defendant's constitutional rights to a jury trial and due process of law as established by the Constitution of the United States and the United States supreme court.

Petitioner requests the appointment of counsel and leave to file a supplemental memorandum of law after appointment of such counsel.