UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEREK SIVO, | : | |
| Petitioner, | : | |
| v. | : | |
| | : | CA 08-245 S |
| A.T. WALL, | : | |
| Respondent. | : | |

**MEMORANDUM RE ORDER**
**APPOINTING COUNSEL**

On July 25, 2008, the Court issued a text order, granting the request of Petitioner Derek Sivo ("Petitioner") for the appointment of counsel to represent him in connection with his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document #1) ("Petition"). The request was contained in an attachment to the Petition. See Petition, Attachment ("Att.") at 2. While 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of Title 28 if the Court "determines that the interests of justice so require ...," 18 U.S.C. § 3006A(a)(2), the occasion for such appointments will be rare, see United States v. Gonzalez-Vazquez, 219 F.3d 37, 42 (1st Cir. 2000)("this seems to be one of the 'rare section 2255 cases in which the appointment of counsel [would be] warranted'")(quoting United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993))(alteration in original). Accordingly, the Court takes this opportunity to explain its reasons for concluding that this is one of the rare cases warranting the appointment of counsel in the interests of justice.

The opinion of the Rhode Island Supreme Court denying Petitioner's appeal is unusually lengthy, comprising some nineteen pages in the bound case reporter volume. See State v. Sivo, 925 A.2d 901 (2007). It reflects that the evidence against Petitioner was entirely circumstantial, see id. at 905-09, and

that the defense presented expert medical testimony that the injuries sustained by the victim were not the result of child abuse but stemmed from a seizure which made the child more prone to falls, see id. at 909. Thus, the possibility that Petitioner may be actually innocent of the crime for which he has been convicted is present in greater degree than is the case in most section 2254 and 2255 petitions.

In addition, the opinion of the Rhode Island Supreme Court addresses highly technical issues, including the *mens rea* requirement of R.I. Gen. Laws § 11-9-5.3 and whether the offense requires a general intent or specific intent. See id. at 913-15. Such matters are not easily understood by a lay person who lacks legal training. Indeed, they pose difficulty even for some attorneys. Petitioner has attempted to raise these issues in his Petition, but his argument is not well developed. See Petition, Att. at 1-2. Given the esoteric nature of the subject matter, it would assist the Court to have the benefit of argument researched and written by counsel. Cf. Mala, 7 F.3d at 1063-64 (holding that because appellant had presented a colorable claim that was factually complex and legally intricate, and was severely hampered in his ability to investigate the undeveloped facts, the interests of justice supported the appointment of counsel if Section 2255 relief was pursued).

The Court also takes into consideration the fact that the State of Rhode Island (the "State") contends that Petitioner failed to raise the federal constitutional issue related to these matters in his brief before the Rhode Island Supreme Court, and, therefore, he has not exhausted his state remedies. See Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("State's Mem.") at 3. The State suggests that the Petition be dismissed. Whether the State is correct in its contention is not readily apparent to the Court. The appointment of counsel would clarify this issue and facilitate

its resolution.

Lastly, the Court has received a letter from Assistant Federal Defender Mary S. McElroy in support of Petitioner's request for the appointment of counsel. Ms. McElroy states that the Federal Defender's Office has reviewed his case and spoken with the attorneys who represented Petitioner in his appeal in the state supreme court. Ms. McElroy further states:

> We believe that Mr. Sivo has raised some meritorious claims that warrant further assessment by the court. We believe that the appointment of counsel is the best way to assure that Mr. Sivo has proper representation with respect to these claims and to insure efficient proceedings.

Letter from McElroy to Martin, M.J., of 7/24/08. By itself, Ms. McElroy's letter would not cause the Court to appoint counsel.[1] However, when considered with the other circumstances which the Court has already described, the Court is satisfied that the interests of justice require that counsel be appointed for Petitioner.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 1, 2008

[1] In making this observation, the Court intends no disrespect to Ms. McElroy, for whom the Court has a high regard. Rather, the Court assumes that as an Assistant Federal Defender Ms. McElroy would favor the appointment of counsel in most, if not all, section 2254 and 2255 cases.