# United States District Court
# For the District of Rhode Island

**DEREK SIVO** :
:
**Vs.** : **Case No. 1:08-cv-00245-S-DLM**
:
**AT WALL** :
:

...oOo...

**MOTION TO AMEND PETITION FOR A WRIT OF HABEAS CORPUS**

Now comes the Petitioner, Derek Sivo, through counsel, and moves to amend his Petition for a Writ of Habeas Corpus. Petitioner is entitled to amend his habeas petition in the same manner that any civil litigant would be entitled: in accordance with Federal Rules of Civil Procedure Rule 15. See 28 U.S.C. § 2242. Rule 15(a) allows a party to amend his pleading after the opposing party has responded, but before the hearing has begun, by the court's leave. The Rule advises courts to "freely give leave [for the Petitioner to amend] when justice so requires." F.R.C.P. Rule 15(a).

In amending his habeas petition, Petitioner seeks to raise a claim of Ineffective Assistance of Counsel based on the following facts: that trial counsel failed to

- Adequately investigate Petitioner's actual innocence;
- Adequately investigate the evidence presented against Petitioner at trial;
- Adequately prepare for trial;
- Adequately cross-examine the State's expert witnesses;
- Object to the State's introduction of propensity evidence at trial; and
- Object to the State's introduction of evidence of the Petitioner's prior bad acts at trial without first providing trial counsel with notice of its intent to do so.

Additionally, Petitioner seeks to amend his petition to raise a claim of actual innocence. The State Court erred in unreasonably determining that the "facts" of the case were sufficient to convict the Petitioner. See Petitioner's Memorandum in Support of Petitioner's Response to Government's Motion to Dismiss Petition for Writ of Habeas Corpus p. 6. However, the real facts adduced at trial established that:

- The Petitioner did *not* have sole custody of John Wooley, Jr. ("J.J.") during the time frame when the injury was thought to have occurred;
- J.J.'s mother, Kim Mathieu, was providing the sole care for J.J. during the majority of that time frame;
- It was undisputed that there were no external injuries on J.J.'s body that would suggest J.J.'s internal injuries were the result of child abuse;
- The officer who went to Petitioner's apartment on November 2, 2001 found no evidence that would suggest child abuse had occurred; and most importantly,
- There was no direct evidence of the Petitioner ever mishandling J.J. in any way.

Furthermore, Petitioner has uncovered newly discovered evidence that there are at least *seven* other known causes of/conditions predisposing one to developing J.J.'s injuries that are *completely* exclusive of child abuse. None of those causes/conditions were ever presented at trial to be considered by the jury as explaining why J.J. developed two subdural hematomas since August 30, 2001.

**Conclusion**

For all the foregoing reasons, Petitioner respectfully requests that this Court grant Petitioner's Motion to Amend Petition for a Writ of Habeas Corpus, so that Petitioner may properly assert and prove the above-stated claims.

Respectfully Submitted,

Dated: September 11th, 2008

**DEREK SIVO**

By His Attorneys,

/s/ Richard K. Corley ___
Richard K. Corley (#2965)
**Corley Taveras, LLP**
127 Dorrance Street, 2nd Fl
Providence, RI 02903
(401) 861-2100
(401) 861-2139 Fax
rkcorley@ctpllp.com

## CERTIFICATION

I, the undersigned hereby certify that on this 11th day of September, 2008, I did send a true copy of the Petitioner's Memorandum in Support of Petitioner's Response to Government's Motion to Dismiss Writ of Habeas Corpus by electronic means (ECF) to:

Aaron Weisman
aweisman@riag.ri.gov

/s/ Richard K. Corley_____________
Richard K. Corley