UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
DEREK SIVO,                          :
              Petitioner,            :
     v.                              :
                                     :         CA 08-245 S
A.T. WALL,                           :
              Respondent.            :
```

**ORDER**
**DENYING MOTION TO AMEND**

Before the Court is the Motion to Amend Petition for a Writ of Habeas Corpus (Document ("Doc.") #14) ("Motion to Amend" or "Motion") filed by Petitioner Derek Sivo ("Petitioner"). A hearing was held on November 17, 2008. By the Motion, Petitioner seeks to amend his Petition (Doc. #1) by adding two additional grounds for relief: ineffective assistance of trial counsel and actual innocence. See Motion at 1-2. The State of Rhode Island ("State") objects to the Motion on the ground that these two grounds have never been presented to the Rhode Island state courts and that they are, in habeas parlance, unexhausted. See State of Rhode Island's Memorandum in Support of Its Objection to Petitioner's *Motion to Amend Petition for a Writ of Habeas Corpus* ("State's Mem.") at 1.

It is well settled that a district court may not adjudicate a petition for the issuance of a writ of habeas corpus unless and until the petitioner has exhausted his state remedies. See 28 U.S.C. § 2254(b);[1] O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119

---

[1] Section 2254 provides in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State ....

S.Ct. 1728 (1999)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); see also Rhines v. Weber, 544 U.S. 269, 276-77, 125 S.Ct. 1528 (2005)(noting "the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claim to federal court, be sure that you first have taken each one to state court'")(quoting Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198 (1982)); McCambridge v. Hall, 303 F.3d 24, 34 (1st Cir. 2002)(explaining that a habeas petitioner "must have fairly presented his claims to the state courts and must have exhausted his state court remedies")(citing 28 U.S.C. § 2254(b(1)(A)).  To exhaust his state remedies, Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."  O'Sullivan v. Boerckel, 526 U.S. at 845, 119 S.Ct. 1728.

At the hearing, counsel for Petitioner conceded that his ineffective assistance of trial counsel claim has not previously been presented to the state courts, but appeared to argue that his claim of actual innocence was implicitly considered and rejected by the Rhode Island Supreme Court when it denied his direct appeal, see State v. Sivo, 925 A.2d 901 (R.I. 2007).  As to the latter contention, the Court is unpersuaded.  Actual innocence means factual innocence, not mere legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) ("an assertion of 'legal' innocence is not sufficient")(quoting Bousley).  There is no indication in the Rhode Island Supreme

---

28 U.S.C. § 2254(b)(1).

Court's opinion in <u>Sivo</u> that Petitioner presented a claim that he was factually innocent as opposed to claiming that the evidence was legally insufficient to convict him.  <u>See</u> <u>Sivo</u>, 925 A.2d at 909-19.  Moreover, Petitioner has not identified a constitutional violation in connection with his claim of actual innocence.  Such a connection is necessary to make his claim cognizable in a federal habeas proceeding.[2]  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 400, 113 S.Ct. 853 (1993)("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); <u>id.</u> (noting "the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact"); <u>cf.</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S.Ct. 2639 (1986) (opining "that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").

It would appear that Petitioner has an avenue available to raise his unexhausted claims, namely by filing an application for post-conviction relief in the state superior court and, if he is unsuccessful there, appealing the denial of his application to the Rhode Island Supreme Court.  <u>See</u> <u>State v. Desir</u>, 766 A.2d 374, 375 (R.I. 2001)("The proper avenue by which a defendant must proceed ... when making a claim of ineffective assistance of counsel is an application for postconviction relief, pursuant to G.L. 1956 chapter 9.1 of title 10.").  Thus, the Court finds that

---

[2] Further evidence that Petitioner's actual innocence claim was not presented to the Rhode Island Supreme Court is reflected in the fact there is no discussion in the court's opinion of a claimed violation of a federal constitutional right in connection with such claim.

Petitioner has not exhausted his state remedies relative to his claims of ineffective assistance of counsel and actual innocence. Accordingly, **the Motion to Amend is DENIED**.

The Court takes this opportunity to observe that because the Petition contains two exhausted claims and one unexhausted claim, Petitioner has a choice to make.  He can either amend the Petition and remove the unexhausted claim, in which case he may obtain federal review of his exhausted claims, or he may accept dismissal of the Petition without prejudice and return to state court to exhaust his unexhausted claims.  See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 80 (1st Cir. 2002) ("Unless the petitioner agreed to amend the petition to drop the unexhausted claims, the district court had no choice but to delay decision until the prisoner completed the process of exhaustion."); Beauchamp v. Murphy, 37 F.3d 700, 703 (1st Cir. 1994)(noting that prisoner's federal petition "may be dismissed if he failed to present to the state courts *any* of the federal claims now asserted" and that prisoner who files a mixed petition has "the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims").  If Petitioner opts for dismissal, however, he is advised that he should act promptly in seeking post-conviction relief in the state court and also in returning to this Court if he is unable to obtain relief in the state court.[3]

---

[3] The need for such promptness was explained by the Supreme Court in Rhines v. Weber:

> As a result of the interplay between [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]'s 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.  If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 18, 2008

---

> limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

544 U.S. at 275, 125 S.Ct. 1528. The Rhines Court noted that one possible solution to this problem was for the district court to stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. See id. at 276. However, the Court also cautioned that "stay and abeyance should be available only in limited circumstances," see id. at 277, and that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," id. At this point, the question of whether there was good cause for Petitioner's failure to raise his unexhausted claims first in state court is not before the Court.